UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LISA AMUNDSON, individually and as Personal Representative of the Estate of Jennifer E. Buckley, Deceased.<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA and the UNITED STATES DEPARTMENT OF AGRICULTURE, FOREST SERVICE,<br><br>Defendant. | CASE NO. C03-3439RSM<br><br>ORDER ON DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT |

This matter is before the Court on defendants' motion to dismiss or, in the alternative, for summary judgment. The matter has been fully briefed, and the Court heard oral argument on May 27, 2005. For the reasons set forth below, the Court concludes that it lacks jurisdiction over the matter, and grants defendants' motion to dismiss.

DISCUSSION

Plaintiff's daughter Jennifer Buckley died in a snowmobiling accident on December 26, 2001. Although the parties disagree on the ownership of the land where the accident occurred, the remaining facts are not in dispute. Ms. Buckley was snowmobiling with three friends on the Trinity Trail, part of a groomed trail system in the Lake Wenatchee Ranger District (now named the Wenatchee River Ranger

ORDER ON MOTION TO DISMISS - 1

District), in the Wenatchee and Okanagan National Forests. The party of four rode up the trail some distance, at several points either crossing over or driving around trees that had fallen across the trail. On the way back down the trail, Ms. Buckley, who was leading the party, hit the one of the trees in a fatal collision. Two of the following drivers also hit the tree, although with less injurious impact than Ms. Buckley did. The fourth driver was able to stop.

The Trinity Trail is part of a network of groomed snowmobile trails in the Lake Wenatchee Ranger District. The trails are groomed by employees of the United States Forest Service ("USFS") pursuant to a cooperative agreement with the Washington State Parks and Recreation Commission ("WSPRC"). Funding and equipment are provided by Washington State, and the USFS provides the manpower. The funds are derived from a "snowmobile account" within the State treasury, a segregated fund into which snowmobile registration fees, snowmobile fuel taxes, and monetary civil penalties from snowmobilers are deposited. RCW 46.10.075. Annual registration is required of all snowmobiles owned, operated, or transported in the State. RCW 46.10.020. The USFS itself charges no fee for the use of the groomed trails.

Plaintiff, who is the mother of Lisa Buckley, filed this action for wrongful death pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671 *et seq*. The statute provides a limited waiver of sovereign immunity in certain tort suits against the United States for damages caused by the negligence of government employees. It is plaintiff's contention that the USFS employees were negligent in failing to groom the Trinity trail to remove the downed tree, or in failing to mark it as a hazard.

Defendants initially contend that an FTCA action must be brought against the United States alone, not an agency thereof. Plaintiff has not disputed defendants' assertion that the only proper defendant in this action is the United States, so the USFS must be dismissed. Accordingly, defendants' motion to dismiss is GRANTED as to the United States Forest Service.

The United States has itself moved to dismiss the action for lack of jurisdiction, pursuant to the discretionary function exception to the Tort Claims Act. Should that argument fail, defendant has also moved for summary judgment on the merits. As the discretionary function argument implicates this

ORDER ON MOTION TO DISMISS - 2

Court's jurisdiction to hear the matter, it will be considered first.

APPLICABILITY OF THE DISCRETIONARY FUNCTION EXCEPTION

An action can be brought against the United States only to the extent that it has waived its sovereign immunity. Valdez v. United States, 56 F. 3d 1177, 1179 (9th Cir. 1995). The burden of showing a waiver of immunity lies with the party seeking to sue the federal government. Plaintiff has asserted a claim for negligence under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), through which Congress expressly abrogated the United States' immunity for claims arising out of the negligent conduct of government employees acting within the scope of their employment. Id.

The FTCA's waiver of immunity is limited, however, by the discretionary function exception, which bars claims arising from

> [a]n act or omission of an employee of the Government . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government whether or not the discretion be abused.

28 U.S.C. § 2680(a). Defendant argues that plaintiff's claim falls within this discretionary function exception to the FTCA's waiver. The burden is on defendant to show that the exception applies. *See,* Prescott v. United States, 973 F.2d 696, 702 (9th Cir.1992).

To determine whether the challenged conduct was discretionary, the Court evaluates the nature of the conduct itself. *See, e.g.,* Gasho v. United States, 39 F.3d 1420, 1435 (9th Cir.1994), *cert. denied,* 515 U.S. 1144 (1995). The discretionary function exception will apply only where (1) the federal agency or employees had a choice in making the decision or taking the action of which plaintiff complains, and (2) the choice involved social, economic, and/or political policy considerations. *See, e.g.,* Kennewick Irrigation District v. United States, 880 F.2d 1018, 1025 (9th Cir.1989) (citing Berkovitz v. United States, 486 U.S. 531, 536-37 (1988).

It is plaintiff's contention in this case that the United States was negligent in either failing to timely groom the trail to remove the tree hazard, or failing to mark the tree so that snowmobilers would see it. Defendants assert, in response, that this was but one of many trails in the Lake Wenatchee Ranger District which had to be groomed, and that budget and personnel considerations limit how often each trail

ORDER ON MOTION TO DISMISS - 3

can be groomed. In allocating the available funds, the Forest Service employees determined that the Trinity Trail was to be groomed approximately every eleven days. It was last groomed on December 19, 2001, a week prior to the accident. Other trails were groomed more or less frequently depending on use. The trail groomer may deviate from his planned run if he is advised by rangers or recreational users of hazards that needed removing.[1] All of these decisions are within the discretion of the groomers. Recreational users of the trails, such as snowmobilers, can learn which trails have been groomed recently by checking a "grooming log" at the entrance to the trail system.

In applying the two-part Kennewick inquiry, the Court first considers "whether the action is a matter of choice for the acting employee. . . . [T]he discretionary function exception will not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." Berkovitz, 486 U.S. at 534. Here, there is no federal statute, regulation, or policy which determines the manner in which the trails are groomed or marked. Nor does any federal statute or regulation mandate that the grooming be done with any particular frequency or to any particular standard. The Forest Service Trails Management Handbook provided by defendant does address the design and layout of snowmobile trails, but does not mention trail grooming at all.

The Forest Service conducts trail grooming operations in the Lake Wenatchee Ranger District pursuant to a contract with the Washington State Parks and Recreation Commission. The original 1984 Master Agreement established a program, funded out of Sno-Park fees and other fees collected by the State, to facilitate winter recreation in the national forests. The Forest Service agreed in that document that "the property and facilities shall be kept reasonably safe for public use." Declaration of Roger Ross, Exhibit A, p. 3. That statement does not prescribe any specific course of action for the trail groomers to follow. However, in arguing that the discretionary function exception should not apply, plaintiff points to a document titled "Recommended Level of Performance for Grooming Snowmobile Trails for Public Programs, " asserting that it provides the requisite policy prescribing a specific course of action for the groomers to follow. In particular, plaintiff refers to grooming standard 2(a), which states in part "Groom

---

[1] There is no evidence that the USFS was advised of downed trees on the Trinity Trail in the days prior to the accident.

ORDER ON MOTION TO DISMISS - 4

after every appreciable snowfall." Declaration of Roger Ross, Exhibit D. Plaintiff contends that this directive sets a mandatory standard and removes discretion from the groomers. There are several problems with plaintiff's argument.

The first of these is that this "Recommended Level of Performance" is not a **federal** statute, regulation, or policy within the meaning of Berkovitz. It was written by the Snowmobile Advisory Committee, a body established by state statute and consisting of snowmobilers, members of the non-snowmobiling public, and designated representatives of various state agencies. RCW 46.10.220. Most significantly, it does not establish mandatory standards, but rather designates goals for grooming, "[w]ithin the current budget, available staff, and equipment capabilities, limitations, and maintenance requirements. . . ." Id. This phrase clearly incorporates judgment into the process; the Forest Service must determine how to meet the recommended goals within the limitations described. The groomer's performance is monitored by the local Grooming Council, a citizens' group, not by any federal authority. Declaration of Roger Ross, ¶ 8.

Another problem is plaintiff's contention that the "groom after every snowfall" language imposed a mandatory duty upon the groomer to remove the fallen tree before the snowmobilers hit it. According to plaintiff, that tree (and others) must have fallen during a windstorm on or about December 23. She contends that the Forest Service knew or should have known that hazards such as fallen trees were created by that storm, and should have removed or marked them. Plaintiff's argument would have the single groomer in the Lake Wenatchee Ranger District cover every mile of trail in the two nights intervening between December 23 and December 26, an impossible feat even were those two nights not holidays. In other words, plaintiff would have the Court read into the policy the requirement that the groomer single-handedly "groom **. . . every mile of trail immediately (and simultaneously)** . . . after every snowfall," an intent which even the most strained reading of the policy does not indicate. Instead, the Recommended Level of Performance at 1(d) and 1(e) places emphasis on grooming of trunk and loop trails for weekend use, with "at least one" trail segment or loop kept open during the week. The Trinity Trail is neither a trunk nor loop trail; it is an "up and back" trail. Declaration of Roger Ross, ¶ 19. Under the Recommended Level of Performance, it had lower priority for grooming immediately

ORDER ON MOTION TO DISMISS - 5

after a snowfall than other trails.

In summary, as there is no federal statute, regulation, or policy which specifically prescribes a course of action for the trail groomer to follow, the first prong of the inquiry has been met. Berkovitz, 486 U.S. at 534. Once the Court has determined that the challenged conduct does involve an element of discretion or judgment on the part of the government employees, the second step is to "determine whether that judgment is of the kind that the discretionary function exception was intended to shield." Berkovitz, 486 U.S. at 536. To be shielded, the judgment must be "grounded in social, economic, or political policy." Id., *quoting* United States v. Varig Airlines, 467 U.S. 797, 814 (1984). If the decision is of that type, the government is not required to "prove that it considered these factors and made a conscious decision on the basis of them." Kennewick, 880 F. 2d at 1028. The discretionary function exception reflects Congress's wish "to prevent judicial 'second-guessing' of legislative and administrative decisions . . . through the medium of an action in tort." Id. at 1021-22.

Here, the judgment of the Forest Service in determining which trails to groom is clearly grounded in economic and other policies. The Forest Service is provided with limited funds to perform this service, and must make choices on which trails to groom, and how often. Similarly, it must make choices in determining which of the many hazards to mark. According to defendants, the Forest Service has in its discretion decided to mark only the permanent hazards, such as streambanks and culverts. This judgment is also grounded in economic policy; the Forest Service does not have the money to constantly patrol all the trails for downed trees and other temporary hazards. It is also consistent with sound recreational and environmental policies, such as wildlife protection and the minimization of man-made intrusions onto the natural scene.

Plaintiff suggests that the Court should be guided by the reasoning set forth in Indian Towing Co. v. United States, 350 U.S. 61 (1955). The Supreme Court in that case found the United States liable under the FTCA for Coast Guard employees' failure to properly maintain the light in a lighthouse, so that a tug and barge ran aground. However, the discretionary function exception was not at issue in that fifty-year-old case; Justice Frankfurter noted that "[t]he Government concedes that the exception of § 2680 relieving [it] from liability for negligent "exercise of judgment" (which is the way the Government

ORDER ON MOTION TO DISMISS - 6

paraphrases a 'discretionary function' in § 2680(a)) is not involved here . . . " Id. at 64.  The Court did not analyze the facts under § 2680 at all.  Thus the Supreme Court's ruling that once the Coast Guard chose to operate a light, it was "obligated to use due care to make certain that the light was kept in good working order" is inapplicable to the situation here.  Id. at 69.  The Lake Wenatchee Ranger District trail system simply cannot be likened to a lighthouse light that is either "off" or "on."  Plaintiff does not, and cannot, argue that the trail groomer failed to conduct grooming operations altogether, in the sense that the Coast Guard employees failed to maintain the light.  Rather, it is plaintiff's position that the trail groomer failed to properly maintain or mark one particular trail.  However, the groomer's judgment in choosing to use the Forest Service's limited resources to groom different, perhaps more heavily used loop and trunk trails, is precisely the type of policy-based judgment that is insulated from FTCA suits by the discretionary function exception.

## CONCLUSION

The FTCA's general waiver of sovereign immunity is limited by exceptions set forth in 28 U.S.C. § 2680.  Where the § 2680(a) discretionary function exception applies, the district court lacks subject matter jurisdiction.  Reed v. United States department of the Interior, 231 F. 3d 501, 504 (9th Cir. 2000).

No federal statute, regulation or policy governs the Forest Service's actions in maintaining the groomed trails of the Lake Wenatchee Ranger District.  Rather, by agreement of the Forest Service, the grooming operations are guided by the general goals and policies set forth in the Recommended Level of Performance.  Those goals, as written, necessarily involve an element of discretion on the part of the Forest Service in determining the precise manner in which to allocate the limited resources at its disposal.  *See*, Valdez, 56 F. 3d at 1180.  Similarly, the judgment of the Forest Service on the matter of finding and marking temporary trail hazards is necessarily grounded in economic, recreational, and environmental policy.  As shown above, these two considerations meet the requirements for application of the discretionary function exception.  Berkovitz, 486 U.S. at 536, *quoting* United States v. Varig Airlines, 467 U.S. 797, 814 (1984).

The Court has great sympathy for plaintiff in her loss, but it cannot provide a remedy for that loss

ORDER ON MOTION TO DISMISS - 7

where none exists at law.  Accordingly, defendants' motion to dismiss for lack of jurisdiction is GRANTED, and this action is hereby DISMISSED.  In light of this disposition, the Court does not reach the merits of the summary judgment arguments.

DATED this  8th  day of  June , 2005.

/s/ Ricardo S. Martinez
RICARDO S. MARTINEZ
United States District Judge

ORDER ON MOTION TO DISMISS - 8